UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4:03-CV-1736 (CEJ) ) |
| MARY BETH KAMRATH et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are the motions of defendant Sharri Kamrath Rocca (Rocca), as personal representative of Bradley G. Kamrath's estate, to amend the case management order, to extend the deadline for filing dispositive motions, and for summary judgment. Neither plaintiff Prudential Insurance Company of America (Prudential) nor defendant Mary Beth Kamrath (Kamrath) has responded to the motion to amend the case management order, and the time allowed for doing so has expired. Defendant Kamrath, however, has responded in opposition to the motion to extend the deadline for filing dispositive motions.

On July 9, 2004, the Court entered the case management order at issue. It also entered an order requiring defendant Rocca's then-attorney John Z. Williams to show cause why the Court should not disqualify him and his law firm from representing Rocca. The show-cause order was prompted by Mr. Williams's disclosure that he would be a witness for Rocca in this case. Subsequently, Mr. Williams and his law firm withdrew from representing Rocca.

On August 20, 2004, attorney Matthew J. Padberg entered his appearance on behalf of Rocca. At that time, Rocca had almost five full months in which to disclose her expert witnesses and the almost eight months in which to file dispositive motions. On March 4, 2005, Rocca filed the instant motion to amend the scheduling order, asking for an additional thirty days in which to disclose and produce her experts. On May 10, 2005, Rocca filed the instant motion to extend the dispositive motion deadline from April 15, 2005, to May 12, 2005. Rocca asserts that delays in completing discovery caused by Mr. Williams's withdrawal and her retention of new counsel necessitates the requested extensions.

Rocca gives no explanation as to why the motion for additional time to disclose expert witnesses was filed more than a month after the January 31, 2005 deadline for such disclosure. Additionally, the expert disclosure deadline that Rocca now proposes (March 30, 2005) is unreasonably close to the April 15, 2005 deadline for filing dispositive motions under the current scheduling order. Further, Rocca's proposed expert production deadline of April 30, 2005 comes after the current dispositive motions deadline. Granting these extensions would necessitate additional modifications to the case management beyond those that Rocca requests in her motion.

In response to the motion to extend the dipositive motion deadline, Kamrath argues that allowing Rocca to delay filing a summary judgment motion would "create additional, unanticipated, last minute work for this Court and for [Kamrath's] counsel." As

discussed above, Mr. Padberg became Rocca's attorney less than two months after the case management order was entered and almost eight months before the deadline for dispositive motions. The Court is not persuaded by Rocca's assertion that her retention of new counsel after Mr. Williams's withdrawal warrants the extension she requests. Rocca gives no satisfactory explanation for the delay in filing her summary judgment motion. Indeed, the Court believes that, notwithstanding the change in representation, Rocca had sufficient time in which to meet the deadlines established in the case management order.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of defendant Sharri Kamrath Rocca to amend [#31] the case management order and to extend the deadline for filing dispositive motions [#37] are **denied**.

**IT IS FURTHER ORDERED** that defendant Rocca's motion to extend the deadline for filing dispositive motions [#37] is **denied**.

**IT IS FURTHER ORDERED** that leave to file defendant Rocca's motion for summary judgment [#38] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2005.