UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PRUDENTIAL INSURANCE COMPANY    )
OF AMERICA,                     )
                                )
            Plaintiff,          )
                                )
        vs.                     )       No. 4:03-CV-1736 (CEJ)
                                )
MARY BETH KAMRATH and           )
SHARRI KAMRATH ROCCA, as        )
Personal Representative of the  )
Estate of Bradley G. Kamrath,   )
                                )
            Defendants.         )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the objections of defendant Sharri Kamrath Rocca to the bill of costs filed by defendant Mary Beth Kamrath.

The Court entered judgment in this interpleader action in favor of defendant Kamrath on February 21, 2006, and ordered that costs be taxed to defendant Rocca. In her bill of costs, Kamrath seeks reimbursement of court reporter and transcript fees in the following amounts: (1) $210.00 for the deposition of John Z. Williams; (2) $270.40 for the deposition of Mary Beth Kamrath; (3) $400.00 for the video deposition of Rose Kamrath; (4) $750.50 for the deposition of Rose Kamrath; (5) $453.57 for the deposition of Sharri Kamrath Rocca; and (6) $1,001.41 for the deposition of Thomas Fremont. Rocca objects, arguing that the bill of costs was untimely filed and fails to itemize the claimed expenses. Rocca also asserts that the costs Kamrath requests are excessive.

As to Rocca's first objection, Local Rule 8.03(A) provides, in part, that: "A party seeking an award of costs shall file a verified bill of costs, upon a form provided by the Clerk, no later

than twenty (20) days after entry of final judgment pursuant to Fed. R. Civ. P. 58. Failure to file a bill of costs within the time provided may constitute a waiver of taxable costs." The Rule also gives an objecting party fourteen days in which to file "a memorandum stating *specific* objections." Local Rule 8.03(A) (emphasis added). Kamrath filed her bill of costs form on March 23, 2006, thirty days after judgment was entered. Although the bill of costs was untimely filed, Rocca does not contend that the ten-day delay prejudices her. Local Rule 8.03, an untimely filing "may" constitute a waiver of taxable costs, but waiver is not automatic. The circumstances here do not suggest any intent by Kamrath to waive her right to recover costs, nor do the circumstances justify a finding of waiver. Thus, the bill of costs will not be rejected for untimeliness.

As to defendant Rocca's second objection, the record shows that Kamrath filed copies of the checks and receipts documenting her costs under seal on the same day that she filed her bill of costs. She also provided an itemization of the costs in her response to Rocca's objections. Accordingly, Rocca's second objection is overruled.

Court reporter fees for transcripts that were "necessarily obtained for use in the case" are properly taxable as costs. 28 U.S.C. § 1920(2). "The most direct evidence of necessity is the actual use of a transcript in a court proceeding." Ryther v. KARE 11, 864 F. Supp. 1525, 1534 (D. Minn. 1994). However, "[t]he costs of such a transcript may still be taxable when the deposition appeared reasonably necessary to the parties at the time it was

taken. . . . Depositions that merely assist discovery or are investigatory in nature, however, generally are not taxable." <u>Id</u>.

Defendant Kamrath asks for reimbursement for the costs associated with six depositions, including one video deposition, of five witnesses. Five transcripts were used during the trial, and the Court finds that the five depositions were needed in order to prepare the witnesses for examination at trial. However, the Court finds that the videotape of the deposition of Rose Kamrath was unnecessary. Therefore, the Court will allow reimbursement for the court reporter and transcript costs with the exception of the video deposition costs. The total award for court reporter and transcript costs shall be $2,685.88.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Sharri Kamrath Rocca shall pay costs to defendant Mary Beth Kamrath in the amount of **$2,685.88**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2006.