```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

PRUDENTIAL INSURANCE COMPANY      )
OF AMERICA,                       )
                                  )
              Plaintiff,          )
                                  )
        vs.                       )    No. 4:03-CV-1736 (CEJ)
                                  )
MARY BETH KAMRATH and             )
SHARRI KAMRATH ROCCA, as          )
Personal Representative of the    )
Estate of Bradley G. Kamrath,     )
                                  )
              Defendants.         )
```

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Shari Kamrath Rocca for a stay of judgment pending appeal pursuant to Rule 8 of the Federal Rules of Appellate Procedure. No response has been filed and the time allowed for doing so has expired.

On February 21, 2006, the Court entered judgment in this interpleader action in favor of defendant Mary Beth Kamrath, and found that she was entitled to the proceeds of an insurance policy that were being held in the court registry. On March 17, 2006, defendant Kamrath filed a motion for disbursement of the registry funds. On March 19, 2006, Rocca filed her opposition stating that she planned to appeal the judgment and arguing that Local Rule 13.04 does not provide a mechanism for disbursing the funds as Kamrath requested. Defendant Kamrath filed a reply, arguing that Rocca is required to post a supersedeas bond in connection with her motion to stay the judgment. On March 21, 2006, defendant Rocca filed a notice of appeal.

Defendant Rocca filed the instant motion to stay the judgment pending appeal on March 22, 2006. She argues that judgment should be stayed because she is likely to succeed on the merits on appeal. She also argues that several factors support her contention that the requirements for substantial compliance were met in this case. Further, defendant Rocca argues that disbursement of funds will irreparably harm her because it is unlikely that she will be able to recover the funds if she prevails on appeal.

Defendant Rocca seeks a stay pursuant to Rule 8 of the Federal Rules of Appellate Procedure.[1] Rule 8(a) of the appellate rules require an appellant to first move in the district court for a stay of judgment pending appeal or approval of a supersedeas bond before the appellant seeks a stay from the court of appeals. By arguing that defendant Rocca would need to post a supersedeas bond to be granted a stay, defendant Kamrath implies that Rule 62(d) of the Federal Rules of Civil Procedure applies. Under Fed. R. Civ. P. 62(d),[2] an appellant is entitled by right to a stay of judgment pending appeal if the appellant gives a supersedeas bond. "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. . . .[T]he stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment." Fed. Prescription Serv., Inc. v. Am.

---

[1] The Rules of Appellate Procedure "govern procedure in the United States courts of appeals." Fed. R. App. P. 1(a)(1). To the extent that the rules provide for the filing of a motion in district court, "the procedure must comply with the practice of the district court." Fed. R. App. P. 1(a)(2).

[2] The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature." Fed. R. Civ. P. 1.

2

Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980). In circumstances where posting adequate security is practicable and where there is a reasonable likelihood that the judgment debtor will be unable or unwilling to satisfy the full judgment upon ultimate disposition of the case, a supersedeas bond for the full amount of judgment should be required. Id. However, where unusual circumstances exist, the district court may exercise discretion to order a partially secured or unsecured stay of judgment. Id. at 760-61.

This case presents an unusual circumstance. Defendant Rocca, the appellant, is not a traditional judgment debtor because the damages at issue are being held as interpleaded funds in the Registry of the Court. No extra protection will be afforded defendant Kamrath by defendant Rocca posting a supersedeas bond in the amount of the interpleaded funds. Thus, the purposes of Fed. Rule Civ. P. 62(d) do not apply to the instant case. The Court will not require defendant Rocca to post a supersedeas bond.

Regardless of whether the rules of procedure applicable to the district court or the rules of appellate procedure apply, the Court considers the following factors in deciding whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

As to the first factor, the Court finds that defendant Rocca has failed to make a strong showing that she is likely to succeed on the merits of her appeal. In the instant motion, defendant

3

Rocca states that "numerous factors strongly support Appellant's contention that the requirements for substantial compliance were met in this case." However, she does not state any of those factors. She suggests that because decedent Bradley G. Kamrath suffered from mental illness, his circumstances were analogous to cases, cited by the Court, in which physically ill insureds were found to have substantially complied with their insurer's change of beneficiary procedures.[3] Defendant Rocca argues that Mr. Kamrath's undisputed mental illness may have caused him to commit suicide.

The Court finds that defendant Rocca is unlikely to succeed on the merits of this argument. First, she has not previously argued that Mr. Kamrath's mental illness prevented him from complying with the insurer's change of beneficiary procedures. In fact, her pre-trial and post-trial briefs address the cases the Court cited. Rather than arguing that Mr. Kamrath's illness incapacitated him, she argued that Mr. Kamrath's circumstances were analogous to Anglen and Porter because he and defendant Kamrath were estranged spouses. Further, to the extent that Mr. Kamrath's mental illness prevented him from completing the insurer's change of beneficiary

---

[3] See Anglen v. Heimburger, 803 S.W.2d 109, 112-13 (Mo. Ct. App. 1990)(finding substantial compliance where insurer had not received a completed change form but an empty envelope that once contained a change of beneficiary form was located after the death of the insured, who suffered from cancer, was incapable of taking care of herself, and had requested a change of beneficiary form from her employer and insurer); Capitol Life Ins. Co. v. Porter, 719 S.W.2d 908, 911 (Mo. Ct. App. 1986) (finding substantial compliance where insured, who suffered from cancer, was wheelchair bound, and was totally incapable of taking physical care of himself, had obtained the change form, executed it, explained the purpose for the change to his mother and a witness, and expressed intent to forward the form to the insurer but had not mailed it).

4

procedures, it is possible that the same mental illness prevented him from having the capacity to understand the effects of changing his beneficiary. Because defendant Rocca attempts to raise this argument for the first time on appeal, it is unlikely that she will succeed on the merits of it. Additionally, the instant argument goes to the second factor of a two-part test for substantial compliance.[4] Although both parts of the test must be satisfied to find substantial compliance, the Court found that defendant Rocca did not satisfy the first or second part of the test. Prudential Life Ins. Co. Am. v. Kamrath, No. 4:03-CV-1736, slip op. at 22, 24 (E.D. Mo. Feb. 21, 2006). Thus, even if her argument pertaining to Mr. Kamrath's mental illness were meritorious, she has not made an argument to satisfy the first prong of the two-part test. She is not likely to succeed on the merits.

However, the Court finds that the remaining factors to be considered in determining whether a stay should be granted weigh in defendant Rocca's favor. If the Court allows the disbursement of funds to defendant Kamrath and defendant Rocca prevails on appeal, defendant Rocca will be irreparably injured. Further, issuance of a stay will not greatly injure defendant Kamrath, and the public interest lies in favor of issuing a stay. Although the Court does not believe that defendant Rocca will prevail on appeal, it finds that it is appropriate to issue a stay in this matter. The Court will stay the disbursement of the interpleaded funds.

---

[4]The substantial compliance test requires the Court to find both that (1) the insured intended to change the beneficiary established beyond question, and (2) the insured has done everything possible under the circumstances. Barnes, 770 F. Supp. at 1397.

5

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Sharri Kamrath Rocca for a stay of judgment pending appeal [#86] is **granted**.

**IT IS FURTHER ORDERED** that the disbursement of the interpleaded funds shall be stayed until the appeal in the instant matter has been resolved.

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
```

Dated this 4th day of December, 2006.